

HENINGER GARRISON DAVIS, LLC
Attorneys for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 896-3876

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOAO CONTROL & MONITORING
SYSTEMS, LLC,

                      Plaintiff,

      v.

CHRYSLER GROUP LLC,

                    Defendant.

ECF CASE

Civil Action No. 1:13-CV-00053-RA

**SECOND AMENDED COMPLAINT**
**FOR PATENT INFRINGEMENT**

**Jury Trial Demanded**

---

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

        Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its

undersigned counsel, files this Second Amended Complaint against Chrysler Group LLC

("Defendant" or "Chrysler") as follows:

**NATURE OF THE ACTION**

        1.     This is a patent infringement action to stop Defendant's infringement of

Plaintiff's United States Patent No. 5,917,405 entitled *"Control Apparatus and Methods for*

*Vehicles"* (hereinafter, the "'405 patent"; a copy of which is attached hereto as Exhibit A),

United States Patent No. 6,549,130 entitled "*Control Apparatus and Method for Vehicles and/or for Premises*" (the "'130 patent"; a copy of which is attached hereto as Exhibit B), and United States Patent No. 6,542,076 entitled "*Control, Monitoring and/or Security Apparatus*" ("the '076 patent"; a copy of which is attached hereto as Exhibit C). Plaintiff is the owner of the '405 patent, the '130 patent, and the '076 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703. Plaintiff is the owner of the patents-in-suit and has the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the patents-in-suit, and the right to sublicense the patents-in-suit, collect damages, and sue for infringement and recover past damages from Defendant.

3.      Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan, 48326. Defendant is registered with the New York State Department of State as a foreign limited liability company and can be served at the offices of its registered agent C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of New York and the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendant has sought protection and benefit from the laws of the State of New York; Defendant regularly conducts business within the State of New York and within the Southern District of New York; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York.

6.      More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of New York, and the Southern District of New York.  Upon information and belief, Defendant has committed patent infringement in the State of New York and in the Southern District of New York.  Defendant solicits customers in the State of New York and in the Southern District of New York.  Defendant has many paying customers who are residents of the State of New York and the Southern District of New York and who each use Defendant's products and services in the State of New York and in the Southern District of New York.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

8.     The '405 patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 1999 after full and fair examination for systems and methods for controlling vehicles using at least three control devices.  Plaintiff is the owner of the '405 patent and possesses all substantive rights and rights of recovery under the '405 patent, including the right to sue for infringement and recover past damages.

9.     The '130 patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three control devices.  Plaintiff is the owner of the '130 patent and possesses all substantive rights and rights of recovery under the '130 patent, including the right to sue for infringement and recover past damages.

10.     The '076 patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicles and/or premises using at least three control devices.  Plaintiff is the owner of the '076 patent, and possesses all substantive rights and rights of recovery under the '076 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

11.     On information and belief, Defendant has had knowledge of the Patents-in-Suit and became aware of the infringing nature of their actions at last as early as November 2, 2012, when it received a letter from Plaintiff which informed the Defendant of the patents-in-suit and Defendant's infringement.

12.     On information and belief, Defendant operates, advertises, and/or controls the website www.chryslergroupllc.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,917,405

13.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-12 above.

14.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '405 patent either literally or under the doctrine of equivalents, through the manufacture and sale of Products and Services under the Chrysler brand and its family of brands including Dodge RAM and Viper.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '405 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, that enables remote control of a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent.  Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

15.     Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '405 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, that enables Defendant's customers to remotely control a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through

the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '405 Patent. Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

16.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '405 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count. Despite its knowledge of the existence of the '405 Patent since as early as November 2, 2012, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '405 Patent. Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '405 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '405 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

17.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '405 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its Products and Services as previously described in this Count, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to

sell, and selling (directly or through intermediaries), to its customers, its Products and Services and that its customers have utilized said Products and Services in a manner that infringes one or more claims of the '405 patent. Defendant has had knowledge of the '405 patent as early as November 2, 2012. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use Defendant's Products and Services in such a way that infringes the '405 patent by, at minimum, providing its vehicles along with instructions to its customers on how to use the Defendant's Products and Services in such a way that infringes the '405 patent, and knew and/or knows that its Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '405 patent with the assistance and support of Defendant, and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

18.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19.     Despite its knowledge of the '405 Patent, known of at least since November 2, 2012 and without a reasonable basis for continuing the infringing activities previously described in this Count, on information and belief, Defendant has willfully infringed and continues to willfully infringe the '405 Patent.

20.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Defendant's infringement of Plaintiff's rights under the '405 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II:**
**INFRINGEMENT OF U.S. PATENT NO. 6,549,130**

22.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-21 above.

23.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '130 patent, either literally or under the doctrine of equivalents, through the manufacture and sale of Products and Services under the Chrysler brand and its family of brands including but not limited to Dodge RAM and Viper. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables remote control of a vehicle system. Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '130 Patent. Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

24.     Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '130 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '130 Patent by advertising and using an apparatus

capable of remotely controlling a vehicle system. Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables Defendant's customers to remotely control a vehicle system. Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '130 Patent. Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

25.    Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count. Despite its knowledge of the existence of the '130 Patent since as early as November 2, 2012, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '130 Patent. Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '130 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

26.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '130 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its Products and Services as previously described in this Count, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its Products and Services and that its customers have utilized said Products and Services in a manner that infringes one or more claims of the '130 patent. Defendant has had knowledge of the '130 patent as early as November 2, 2013. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use Defendant's Products and Services in such a way that infringes the '130 patent by, at minimum, providing its vehicles along with instructions to its customers on how to use the Defendant's Products and Services in such a way that infringes the '130 patent, and knew and/or knows that its Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '130 patent with the assistance and support of Defendant, and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

27.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28.     Despite its knowledge of the '130 Patent, known of at least since November 2, 2012 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Defendant has willfully infringed and continues to willfully infringe the '130 Patent.

29.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30.     Defendant's infringement of Plaintiff's rights under the '130 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 6,542,076

31.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-30 above.

32.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents through the manufacture and sale of Products and Services under the Chrysler brand and its family of brands including but not limited to Dodge RAM and Viper. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '076 Patent.  Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

33.     Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '076 Patent either literally or under the doctrine of

equivalents.  Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables Defendant's customers to remotely control a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Audio Streaming, Sirius XM Radio and UConnect Access through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '076 Patent.  Defendant's infringing Products and Services are available for sale on its website www.chryslergroupllc.com and through various retailers located in this district.

34.    Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '076 Patent since as early as November 2, 2012, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '076 Patent.  Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '076 Patent and knew that its actions, including but not limited to providing said Products

and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

35.    Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '076 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use its Products and Services as previously described in this Count, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers by offering to sell, and selling (directly or through intermediaries), to its customers, its Products and Services and that its customers have utilized said Products and Services in a manner that infringes one or more claims of the '076 patent. Defendant has had knowledge of the '076 patent as early as November 2, 2012. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use Defendant's Products and Services in such a way that infringes the '076 patent by, at minimum, providing its vehicles along with instructions to its customers on how to use the Defendant's Products and Services in such a way that infringes the '076 patent, and knew and/or knows that its Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '076 patent with the assistance and support of Defendant, and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

36.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

37.    Despite its knowledge of the '076 Patent, known of at least since November 2, 2012 and without a reasonable basis for continuing the infringing activities as previously

described in this Count, on information and belief, Defendant has willfully infringed and continues to willfully infringe the '076 Patent.

38.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39.     Defendant's infringement of Plaintiff's rights under the '076 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

40.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers and that such infringement is willful;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit by Defendant's customers;

PLAINTIFF JOAO CONTROL & MONITORING SYSTEMS, LLC'S
SECOND AMENDED COMPLAINT

C. An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit by Defendant's customers;

D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the Patents-in-Suit;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

H. Any further relief that this Court deems just and proper.

Respectfully submitted this ~~18~~th 14th day of ~~April~~ MAY, 2013.

New York, New York

Respectfully submitted,

Maureen V. Abbey
**HENINGER GARRISON DAVIS, LLC**
NY Bar No. MA-1562
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone: (212) 896-3876
Facsimile: (646) 378-2001
E-mail: maureen@hgdlawfirm.com

Attorney for Plaintiff
JOAO CONTROL & MONITORING
SYSTEMS, LLC

PLAINTIFF JOAO CONTROL & MONITORING SYSTEMS, LLC'S
SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that I will have the foregoing papers are being served on Defendant's counsel by electronic mail and by CM/ECF which will send an electronic mail to the attorneys of record in accordance with the Local Rules and Federal Rules of Civil Procedure 5(b)(2)(E).

Dated: May 14, 2013

Maureen V. Abbey
Maureen V. Abbey

PLAINTIFF JOAO CONTROL & MONITORING SYSTEMS, LLC'S
SECOND AMENDED COMPLAINT